# EXHIBIT A

21 – 2 – 01370 – 34
CMP          3
Complaint
10804522

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/09/2021 8:03:03 AM
Linda Myhre Enlow
Thurston County Clerk

STATE OF WASHINGTON
THURSTON COUNTY SUPERIOR COURT

STACY RITCH and GELLERT DORNAY, individually and on behalf of all others similarly situated,

               *Plaintiffs*,

    v.

AMERICAN HONDA MOTOR CO., INC., a Delaware Corporation,
            *Defendant*.

21 - 2 - 0 1 3 7 0 - 3 4

CLASS ACTION COMPLAINT

Plaintiffs Stacy Ritch ("Ritch") and Gellert Dornay ("Dornay," and collectively "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other allegations, based on investigation of counsel. This investigation included, *inter alia*, a review of public documents prepared by Defendant, media reports, and other information concerning Defendant. The investigation of the facts pertaining to this case is continuing. Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.    INTRODUCTION

1.    This class action suit seeks statutory damages for violations of the Washington Privacy Act, Chapter 9.73 RCW (hereafter the "WPA" or the "Act"), which forbids any entity in

CLASS ACTION COMPLAINT AND JURY DEMAND - 1

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  Washington from intercepting or recording any private communication without first
2  obtaining the consent of all the participants in the communication.[1]

3  2.  Because Defendant has violated the WPA, they are liable for liquidated damages computed
4  at the rate of one hundred dollars per day for each day of violation, not to exceed one
5  thousand dollars per Plaintiff and absent class member, and a reasonable attorneys' fee and
6  other costs of litigation.

7  3.  Plaintiffs are also entitled to declaratory and injunctive relief that Defendant has violated
8  the WPA, and enjoining further violations.

9  **II.   JURISDICTION AND VENUE**

10  4.  This Court has jurisdiction over the subject matter of this lawsuit and over the parties to
11  the lawsuit.

12  5.  Venue is proper in this Court pursuant to RCW 4.12.025 because Defendant resides in this
13  county.

14  **III.   PARTIES**

15  6.  Plaintiff Ritch is now, and at all times relevant to this Complaint has been, a Washington
16  resident.

17  7.  Plaintiff Dornay is now, and at all times relevant to this Complaint has been, a Washington
18  resident.

19  8.  Defendant American Honda Motor Co., Inc. is a subsidiary of Honda Motor Co., Ltd.,
20  which manufactures Honda and Acura automobiles outside the United States, for
21  importation into and sale in the United States.

22  9.  American Honda Motor Co., Inc. manufactures and assembles Honda and Acura vehicles
23  in the United States.

24

25  _____

[1] As described below, Plaintiffs seek to represent a class consisting of: *"All persons, who in the three years
26  prior to the date of filing this Complaint, had their text messages recorded by the infotainment system in a
Honda vehicle (Honda or Acura) while a resident of the State of Washington."*
27

CLASS ACTION COMPLAINT AND JURY DEMAND - 2

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

10. American Honda Motor Company (hereafter, "Honda") also conducts the sale, marketing, and operational activities for all Honda and Acura vehicles in the United States. Together herein, Honda and Acura vehicles are referred to as "Honda vehicles" or "vehicles manufactured by Honda."

## IV.   FACTS

### A.   Honda vehicle infotainment systems.

11. Modern vehicles, including those built by Honda, contain "infotainment systems."

12. Infotainment systems in Honda vehicles include methods for the system to connect to a smartphone, both by USB and by Bluetooth.

13. Once a smartphone is connected to the infotainment system in a Honda vehicle, the system offers additional apps and functionality native to the smartphone but controlled and accessed through the infotainment system controls rather than through the smartphone.

14. These can include, for example, the ability to play music stored on or streamed through the smartphone through the vehicle's speakers, and to use the smartphone's satellite navigation software through the infotainment system screen and vehicle speakers for turn-by-turn directions.

15. Infotainment systems in Honda vehicles also include the ability to make and receive telephone calls on a connected smartphone, using the vehicle microphone and speakers and thereby operating hands-free.

16. At all relevant times, infotainment systems in Honda vehicles also interface with the smartphone's text messaging system.

17. The interface of infotainment systems in Honda vehicles is designed to work specifically with at least the two major smartphone operating systems: CarPlay for Apple smartphones (iPhones) and Android Auto for Android smartphones.

18. On information and belief, infotainment systems in Honda vehicles from at least 2014 onward also download and store a copy of all text messages on smartphones when connected to infotainment systems in Honda vehicles.

CLASS ACTION COMPLAINT AND JURY DEMAND - 3

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  19.    On information and belief, third party Berla Corporation ("Berla"), based in Annapolis,
2         Maryland, manufactures equipment (hardware and software) capable of extracting stored
3         text messages from infotainment systems in Honda vehicles.

4  20.    On information and belief, the Berla system is not generally available to the general public.

5  21.    Berla states that "Our vehicle forensics tools are available to law enforcement, military,
6         civil and regulatory agencies, and select private industry organizations."[2]

7  22.    On information and belief, infotainment systems in Honda vehicles automatically
8         download a copy of every text message stored on any phone connected to the system and
9         stores that copy in computer memory on the vehicle in such a manner that the vehicle
10        owner cannot access it.

11 23.    However, according to Berla, while a vehicle owner cannot retrieve that text message, Berla
12        and Honda have ensured that law enforcement can.

13 24.    According to a 2017 report in CyberScoop, Ben LeMere, the CEO and founder of Berla,
14        bragged in 2014 that "We've been working directly with the [original equipment
15        manufacturers] themselves to educate them. Hey, 'this is privacy data,' 'this is what you
16        need to secure.' *But we only do that when it's part of an agreement that they will allow law*
17        *enforcement in.*"[3] (Emphasis added.)

18 25.    In a story published by NBC News, NBC quoted LeMere from a podcast as follows:
19        " 'People rent cars and go do things with them and don't even think about the places they
20        are going and what the car records,' LeMere said in a June interview for a podcast made by
21        Cellebrite, a company that makes tools to help law enforcement agencies extract data from

22
23
24

---

25  [2] *See* https://berla.co/ (last accessed May 24, 2021).

26  [3] *See* https://www.cyberscoop.com/berla-car-hacking-dhs/ (last accessed May 24, 2021 and attached
    hereto as Exhibit A). That article refers to, and quotes, a 19:52 minute presentation found at
27  https://www.youtube.com/watch?v=E0DQEVgJY5k.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    locked mobile phones. 'Most of them aren't doing anything wrong, but it's pretty funny to
2    see the hookers and blow request text messages and answers.'"[4]

3  26.   A recent article published by The Intercept quoted LeMere as follows: "In a 2015
4    appearance on the podcast 'The Forensic Lunch,' LeMere told the show's hosts how the
5    company uses exactly this accidental-transfer scenario in its trainings: 'Your phone died,
6    you're gonna get in the car, plug it in, and there's going to be this nice convenient USB
7    port for you. When you plug it into this USB port, it's going to charge your phone,
8    absolutely. And as soon as it powers up, it's going to start sucking all your data down into
9    the car.'"[5]

10 27.   The Intercept article continues: "In the same podcast, LeMere also recounted the
11    company pulling data from a car rented at BWI Marshall Airport outside Washington,
12    D.C.: 'We had a Ford Explorer ... we pulled the system out, and we recovered 70 phones
13    that had been connected to it. All of their call logs, their contacts and their SMS history, as
14    well as their music preferences, songs that were on their device, and some of their Facebook
15    and Twitter things as well. ... And it's quite comical when you sit back and read some of
16    the the [sic] text messages.'"[6]

17 28.   On information and belief, a reasonable opportunity for discovery will show that
18    infotainment systems in Honda vehicles automatically download a copy of all text messages
19    from connected smartphones and store them in onboard computer memory.

20 29.   On information and belief, a reasonable opportunity for discovery will show that the
21    onboard stored copy of text messages cannot be accessed by vehicle owners.

22

23
24 [4] *See* https://www.nbcnews.com/tech/tech-news/snitches-wheels-police-turn-car-data-destroy-suspects-alibis-n1251939 (last accessed May 24, 2021 and attached as Exhibit B). That article purports to hyperlink to a podcast at https://www.cellebrite.com/en/series/vehicle-data-extractions-ben-lemere-ceo-at-berla-vehicle-forensics/ but no such podcast appears at that URL as of May 24, 2021.

26 [5] *See* https://theintercept.com/2021/05/03/car-surveillance-berla-msab-cbp/ (last accessed May 24, 2021 and attached as Exhibit C). The article contains no internal link to this referenced podcast.

27 [6] *Id.*

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

30. On information and belief, a reasonable opportunity for discovery will show that the onboard stored copy of text messages can be accessed by someone using hardware and software designed and sold by Berla.

31. Berla specifically restricts access to its systems, making them available primarily to law enforcement and private investigation service providers.

32. No Plaintiff is able to acquire a Berla system in order to be able to access the text messages stored on his own or any other Honda vehicle.

**B.   Plaintiff Ritch's Honda infotainment system, smartphone, and text messages.**

33. Plaintiff Ritch owns a 2021 vehicle manufactured by Honda.

34. Plaintiff Ritch's Honda vehicle is equipped with an infotainment system that syncs to any smartphone either plugged into the system through a USB cable or connected via Bluetooth.

35. Plaintiff Ritch owns a smartphone.

36. The infotainment system on Plaintiff Ritch's Honda vehicle is a device designed to record text communications.

37. In the past three years, on more than ten occasions, Plaintiff Ritch connected his smartphone into the infotainment system in his Honda vehicle.

38. Plaintiff Ritch never consented to Honda downloading and storing his text messages, and similarly did not consent to third parties such as Berla or law enforcement having access to copies of such text messages made by his Honda vehicle's infotainment system.

39. On at least ten occasions in the past three years, Plaintiff Ritch connected his smartphone to the infotainment system in his Honda vehicle at a time that it had at least one text message stored on it.

40. Each of Plaintiff Ritch's text messages was and is a private communication, inasmuch as Plaintiff Ritch had not shared the messages with anyone other than the recipients.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

41. On information and belief, a reasonable opportunity for discovery will show that each text message on Plaintiff Ritch's smartphone was downloaded and recorded onto onboard vehicle memory by his Honda vehicle's infotainment system.

42. Honda was not a party to any of the text messages.

43. By the foregoing conduct, Honda intercepted and/ or recorded the text messages through the infotainment system.

44. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Ritch's Honda vehicle's infotainment system wrongfully retains the recorded copy of Plaintiff Ritch's text message for more than ten days.

**C.   Plaintiff Dornay's text messages.**

45. In the past three years, Plaintiff Dornay sent at least one text message to Plaintiff Ritch.

46. Plaintiff Ritch thereafter connected his smartphone to the infotainment system in his Honda.

47. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Dornay's text message to Plaintiff Ritch was downloaded and recorded onto onboard vehicle memory by Plaintiff Ritch's Honda vehicle's infotainment system.

48. Honda was not a party to the text message.

49. By the foregoing conduct, Honda intercepted and recorded the text messages through the infotainment system.

50. On information and belief, a reasonable opportunity for discovery will show that Plaintiff Ritch's Honda vehicle's infotainment system wrongfully retains the recorded copy of Plaintiff Dornay's text message for more than ten days.

**D.   Privacy of text messages; Non-consent to Honda's interception and recording.**

51. Each of Plaintiff Ritch's text messages is a private communication between Plaintiff Ritch and his interlocutor.

52. Plaintiff Ritch has never consented to Honda intercepting his text messages.

53. Plaintiff Ritch has never consented to Honda recording his text messages.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

54. Plaintiff Ritch has never inquired of an interlocutor to his text messages whether the counterparty consents to Honda intercepting and recording the text messages.

55. As such, no interlocutor of Plaintiff Ritch has ever consented to Honda intercepting and/ or recording their text messages.

56. Honda's recording of Plaintiff Ritch's text messages has injured Plaintiff Ritch. On information and belief, Plaintiff Ritch's private and confidential text messages now reside on his Honda vehicle, can be accessed by Berla systems, and cannot be deleted by Plaintiff Ritch. Each of Plaintiff Ritch's private and confidential text messages is accessible at any time by law enforcement, by Berla, and by similar private actors.

57. Honda has also injured Plaintiff Ritch by depriving him of the right and ability to engage in private text communications without unwillingly allowing Honda to intercept and record a copy for access by third parties such as Berla and law enforcement.

58. Each of Plaintiff Dornay's text messages is a private communication between Plaintiff Dornay and his interlocutor.

59. Plaintiff Dornay has never consented to Honda intercepting his text messages.

60. Plaintiff Dornay has never consented to Honda recording his text messages.

61. Honda's recording of Plaintiff Dornay's text messages has injured Plaintiff Dornay. On information and belief, Plaintiff Dornay's private and confidential text messages now reside on Plaintiff Ritch's Honda vehicle, and can be accessed by Berla systems, and cannot be deleted by either Plaintiff Ritch or Dornay. Each of Plaintiff Dornay's private and confidential text messages to Plaintiff Ritch is accessible at any time by law enforcement, by Berla, and by similar private actors.

62. Honda has injured Plaintiff Dornay by depriving him of the right and ability to engage in private text communications without unwillingly allowing Honda to intercept and record a copy for access by third parties such as Berla and law enforcement.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## V.   CLASS ALLEGATIONS

63.   Plaintiffs bring this action as a class action pursuant to Civil Rule 23 on behalf of the following Classes of persons:

All persons, who within three years prior to the filing of this Complaint, had their text messages recorded by the infotainment system in a Honda vehicle (Honda or Acura) while a resident of the State of Washington.

Excluded from the Class are Defendant Honda and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

64.   On information and belief, Honda vehicles have intercepted and recorded text messages from numerous Washington persons.

65.   On information and belief, the Class is so numerous that joinder of all affected persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

66.   On information and belief, Class members may be identified from records maintained by one or more of the Washington Department of Licensing, Honda, and/or Berla, and may be notified of the pendency of this action by mail or electronic mail using the form of notice similar to that customarily used in class actions.

67.   Plaintiffs' claims are typical of the claims of the other members of the Class.

68.   All members of the Class have been and/or continue to be similarly affected by Honda's wrongful conduct as complained of herein. Plaintiffs are unaware of any interests that conflict with or are antagonistic to the interests of the Class.

69.   Plaintiffs will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in class actions and complex litigation. Plaintiffs and Plaintiffs' counsel will adequately and vigorously litigate this class action, and Plaintiffs are aware of their duties and responsibilities to the Class.

70.   Honda has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    over any questions affecting individual Class members. The questions of law and fact

2    common to the Class include, *inter alia*:

3          a.   Whether Honda recorded private communications and conversations without

4               the consent of all participants in the communication and conversations; and

5          b.   The remedies available to Plaintiffs and the Class.

6  71.  A class action is superior to all other available methods for the fair and efficient adjudication

7       of this controversy since joinder of all Class members is impracticable. Furthermore, as the

8       statutory damages suffered by individual Class members is relatively small, the expense and

9       burden of individual litigation makes it impossible as a practical matter for Class members

10      to individually redress the wrongs done to them. There will be no difficulty in managing

11      this action as a class action.

12 72.  Honda has acted on grounds generally applicable to the entire Class with respect to the

13      matters complained of herein, thereby making appropriate the relief sought herein with

14      respect to the Class as a whole.

15                        **VI.   CAUSES OF ACTION**

16 **A.  First Cause of Action: Washington Privacy Act**

17 73.  Plaintiffs hereby incorporate by reference the allegations contained in the preceding

18      paragraphs of this Complaint.

19 74.  This First Cause of Action is brought pursuant to the Washington Privacy Act, Chapter

20      9.73 RCW, on behalf of the Class, against Honda.

21 75.  As to each Plaintiff and member of the Class, Honda recorded private communications

22      transmitted by telephone, telegraph, radio, or other device between two or more individuals

23      between points within or without the state of Washington by means of a device designed to

24      record or transmit said communication.

25 76.  As to each Plaintiff and member of the Class, Honda did not first obtain the consent of all

26      the participants in such communications.

27

CLASS ACTION COMPLAINT AND JURY DEMAND - 10

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

77. Honda recorded private conversations by means of a device designed to record or transmit such conversation without first obtaining the consent of all the persons engaged in the conversation.

78. Honda is therefore liable to each Plaintiff and member of the Class for liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars for each Plaintiff and member of the Class, and a reasonable attorneys' fee and other costs of litigation, as provided by RCW 9.73.060.

79. Honda's acts and practices in violation of Chapter 9.73 RCW as complained of herein have injured the persons of Plaintiffs and each member of the Class.

80. Because Honda's wrongful recordation and retention of text messages as alleged above has occurred on more than ten separate occasions and/ or continued for more than ten days, Plaintiffs are entitled to $1,000 of statutory liquidated damages.

81. Each member of the Class is therefore entitled to $1,000 of statutory liquidated damages.

82. Plaintiff therefore seeks recovery of damages, including specifically statutory damages, on his own behalf and on behalf of each member of the Class, together with the costs of the suit, including reasonable attorneys' fees and other costs of litigation.

**B.    Second Cause of Action: Declaratory Relief**

83. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

84. This Second Cause of Action is brought pursuant to the Uniform Declaratory Judgments Act, Chapter 7.24 RCW, on behalf of the Class, against Honda.

85. Plaintiffs seek a declaration that Honda's conduct violates the Washington Privacy Act.

**C.    Third Cause of Action: Injunctive Relief**

86. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

87.   Plaintiffs seek an injunction from this Court, enjoining Honda from further interception and recordation of text messages by use of its infotainment systems, and ordering Honda to cause its infotainment systems to delete all stored text messages.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class prays for relief and judgment as follows:

A.   Declaring that this action is properly maintainable as a class action under Civil Rule 23, and certifying Plaintiffs as the Class representative and their counsel as Counsel for the Class;

B.   Declaring that Honda recorded private communications and conversations in violation of the Washington Privacy Act;

C.   Awarding Plaintiffs and the members of the Classes the remedy of liquidated damages at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorneys' fee and other costs of litigation;

D.   Enjoining further violations of the WPA; and

Such other and further relief as this Court may deem just and proper.

## VIII.   JURY DEMAND

Plaintiff and the Class hereby demand a trial by jury.

///

August 9, 2021.

ARD LAW GROUP PLLC

By: _____
Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243
ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

CLASS ACTION COMPLAINT AND JURY DEMAND - 12

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243