THE HONORABLE DAVID G. ESTUDILLO

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
9                               AT TACOMA

10

11

| 12 | STACY RITCH and GELLERT DORNAY, individually and on behalf of all others similarly situated, | Civil Action No.  3:21-cv-05706-DGE |
|---|---|---|
| 13 | | **DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS** |
| 14 | Plaintiffs, | **PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO** |
| 15 | vs. | **STATE A CLAIM UNDER FRCP 12(B)(6)** |
| 16 | AMERICAN HONDA MOTOR CO., INC., a Delaware Corporation, | NOTE ON MOTION CALENDAR: DECEMBER 10, 2021 |
| 17 | | |
| 18 | Defendant. | ORAL ARGUMENT REQUESTED |

19

20

21

22

23

24

25

26

27

28

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 1
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    Introduction................................................................................................1

II.   Statement of Facts........................................................................................3

III.  Legal Standard .............................................................................................6

IV.  Argument .....................................................................................................7

       A.    The FAC Still Fails to Satisfy Basic Rule 8 Requirements and Still Seeks a Pass to Proceed on a Fishing Expedition Albeit with More Subtlety. ....................7

       B.    Plaintiffs Have Not and Cannot Plead A Viable WPA Claim Against AHM. ...........8

            1.    Plaintiffs Still Have Not Alleged Facts that Show AHM Itself Intercepted or Recorded Any Messages. ...........9

            2.    The Infotainment Systems in Honda Vehicles Do Not "Intercept" Any Private Communications Received or Sent by Connected Smartphones..........10

            3.    The Infotainment Systems in Honda Vehicles Do Not "Record" Any Private Communications Without Consent..........11

            4.    The Infotainment Systems in Honda Vehicles Do Not "Transmit" Any Private Communications. ..........12

       C.    Plaintiffs Fail to Allege Any Resulting Injury as Required under the WPA. .........13

       D.    Plaintiffs' Failure to Allege a Viable WPA Claim Again Dooms their Claims for Injunctive and Declaratory Relief. .........14

V.    Conclusion .................................................................................................15

4880-5582-7715.1

Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - i
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
5
    556 U.S. 662 (2009)...............................................................................................6, 8

6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)....................................................................................................6
7

8

*Dornay et. al. v. Volkswagen Group Of America, Inc.,*
    3:21-cv-05646-DGE, Dkt. No. 25 (W.D. Wash.) ....................................................3

9

*Dornay et al. v. Volkswagen Group of America, Inc.*
    Case No. 3:21-cv-05646-DGE (W.D. Wash.) .........................................................1
10

11

*Eclectic Props. East, LLC v. Marcus & Millichap Co.,*
    751 F.3d 990 (9th Cir. 2014) ....................................................................................8
12

13

*Frach v. Schoettler,*
    46 Wn.2d 281 (1955) ..............................................................................................14

14

*Goussev et al. v. Toyota Motor Sales USA Inc.,*
    Case No. 3:21-cv-05708-DGE, Dkt. No. 17 (W.D. Wash.) ...................................14
15

16

*Goussev et al v. Toyota Motor Sales USA Inc.*
    Case No. 3:21-cv-05708-DGE (W.D. Wash.) .........................................................1
17

18

*Jones et al. v. Ford Motor Company*
    Case No. 3:21-cv-05666-DGE (W.D. Wash.) .........................................................1

19

*Kearney v. Kearney,*
    95 Wn. App. 405 (1999) .........................................................................................13
20

21

*McKee et al. v. General Motors Company*
    Case No. 3:21-cv-05815-DGE (W.D. Wash.) .........................................................1

22

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ....................................................................................6
23

24

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ..................................................................................7
25

26

*State v. Canter,*
    No. 804409-0-1, 2021 Wash. App. LEXIS 1330 (Wash. Ct. App. June 1,
    2021) .......................................................................................................................11
27

28

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - ii
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

*State v. Christensen*,
    153 Wn.2d 186 (2004) ...................................................................................13

*State v. Faford*,
    128 Wn.2d 476 (1996) ...................................................................................12

*State v. Racus*,
    7 Wn. App. 2d 287 (2019) .............................................................................11

*State v. Roden*,
    179 Wn.2d 893 (2014) .........................................................................9, 10, 12

*State v. Smith*,
    189 Wn.2d 655 (2017) .....................................................................................9

*State v. Townsend*,
    147 Wn.2d 666, 57 P.3d 255 (2002) .....................................................3, 11, 12

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) .........................................................................8

**Statutes**

RCW 9.73.030 ...................................................................................................13

RCW 9.73.060 .....................................................................................................9

Wash. Rev. Code § 9.73.030 ................................................................................8

Wash. Rev. Code § 9.73.060 ..............................................................................13

Washington Privacy Act .....................................................................................14

Washington Privacy Act (RCW 9.73) .............................................................1, 10

**Other Authorities**

Rule 8 ..............................................................................................................7, 8

Rule 12(b)(6) ...................................................................................................6, 8

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - iii
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After removing this case from state court, American Honda Motor Co., Inc. ("AHM") filed a motion to dismiss the Complaint for failure to state a claim. Dkt. No. 18. Armed with knowledge of the numerous defects AHM highlighted in Plaintiffs' original complaint, Plaintiffs Stacy Ritch ("Ritch") and Gellert Dornay ("Dornay") (together "Plaintiffs") filed their First Amended Complaint ("FAC") (Dkt. No. 20) in lieu of an opposition to the motion to dismiss. But the FAC is an amended complaint in name only. While the FAC adds a host of allegations as to non-party Berla Corporation's ("Berla") separate product and alleged conduct, the factual allegations that pertain to AHM are practically unchanged and, thus, still hopelessly flawed. The FAC should be dismissed for the same reasons AHM set forth in its original motion.

Plaintiffs still claim AHM violated the Washington Privacy Act (RCW 9.73) ("WPA") merely because it distributed for sale cars equipped with infotainment systems that allegedly download and store copies of text messages and dialed calls from their smartphones. But the FAC *still* does not plead that AHM *itself* ever downloaded, accessed, recorded, intercepted, read, reviewed, or otherwise has seen a *single* text message or call log from *any* Honda vehicle.[1] Thus, Plaintiffs continue to equate AHM's vehicle distribution[2] with an "interception" and "recording" of private communications and seek to extend WPA liability to conduct the statute, by its plain terms, does not prohibit.

The FAC remains a template pleading – Plaintiffs largely replicate here the same factual and legal accusations made in four other parallel cases pending before this Court.[3] And while

---

[1] AHM disputes that a call log would be a "communication" to which the WPA applies, but this is irrelevant for purposes of this motion since Plaintiffs have not made the threshold showing that AHM accessed, recorded, intercepted, or otherwise saw or received *any* information that is allegedly recorded by Plaintiff's car.

[2] Plaintiffs allege AHM "manufactures and assembles Honda and Acura vehicles in the United States." FAC ¶ 9. AHM is not a product manufacturer; it distributes Honda and Acura vehicles to independently-owned and operated dealerships for sale to consumers.

[3] *See, generally,* (1) *Dornay et al. v. Volkswagen Group of America, Inc.* (W.D. Wash. Case No. 3:21-cv-05646-DGE); (2) *Jones et al. v. Ford Motor Company* (W.D. Wash. Case No. 3:21-cv-(footnote continued)

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 1
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1   Plaintiffs lessen their prior reliance on allegations made "on information and belief," the FAC

2   remains hopelessly defective in its attempts to plead a single viable claim.  Indeed, even though

3   AHM's prior motion to dismiss highlighted that Plaintiffs did not even identify which model

4   Honda vehicle Ritch owns, the FAC still does not plead this most basic fact.[4]  And the few other

5   AHM-specific facts unambiguously confirm that even with amendment, Plaintiffs have no claim

6   that AHM engaged in any conduct the WPA proscribes.

7       The most fundamental flaw in Plaintiffs' theory is their FAC nowhere alleges facts to show

8   AHM itself ever "recorded" or "intercepted" any private communications.  Plaintiffs only allege

9   AHM distributed cars with infotainment systems that allegedly *store a copy* of all text messages

10  and call logs sent or received by connected smartphones.  These "stored" messages then go

11  nowhere—they allegedly reside in the consumers' own cars unless *law enforcement* uses hardware

12  and software from a third party to extract them.  AHM is not alleged to have any role in this

13  process—its only "wrong" is that it distributed the cars for sale. The WPA only prohibits the

14  unauthorized recording or interception of private communications; it does not prohibit the sale or

15  distribution of *products* that allegedly record messages.

16      Even *if* Plaintiffs could overcome this threshold bar, their WPA claim still fails because

17  Plaintiffs do not plausibly allege the infotainment system in Ritch's car intercepted or recorded

18  any message.  Since text messages first reach the intended recipient's smartphone and are then

19  allegedly stored by the infotainment system, Plaintiffs can never claim any message was

20  "intercepted."  And Washington courts recognize that because consumers indisputably know the

21  smartphones they use to send and receive text messages are themselves "recording" devices,

22

23  05666-DGE); (3) *Goussev et al v. Toyota Motor Sales USA Inc.* (W.D. Wash. Case No. 3:21-cv-

24  05708-DGE); and (4) *McKee et al. v. General Motors Company*, (W.D. Wash. Case No. 3:21-cv-05815-DGE).

25  [4] Counsel for AHM asked that Ritch provide the specific model, model year, and vehicle

26  identification number (VIN) for his vehicle so that AHM can, among other things, preserve relevant documents and evaluate whether any of these documents include arbitration provisions

27  that could affect Ritch's ability to proceed with his claims in Court.  But his counsel did not provide this information.  AHM hereby preserves its right to compel arbitration if, upon learning about the

28  specifics of Ritch's vehicle, it determines Ritch agreed to arbitrate his claims.

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 2
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1    Plaintiffs impliedly consent to have their text messages recorded.  *See, e.g.*, *State v. Townsend*,

2    147 Wn.2d 666, 676, 57 P.3d 255 (2002).  That the person receiving a text message may then elect

3    to view or download and store the message on other devices does not implicate WPA liability.

4    The implied consent for a "recording" applies to the *content* of a message (i.e. the "private

5    communication"), not the specific product that stores it.

6         Finally, any injury here is purely hypothetical and speculative.  Plaintiffs contend the

7    infotainment systems in Honda vehicles *may* store text messages and call logs and that *law*

8    *enforcement* may at some future time access these systems.  This is not a claim that anyone, much

9    less AHM, actually accessed any stored messages or logs.  Plaintiffs have not alleged any injury.

10        For these and other reasons set forth herein, AHM respectfully requests that this Court

11   decline Plaintiffs' invitation to stretch the WPA to cover conduct that far extends the statute's plain

12   terms.  As Plaintiffs have now amended their pleading and these defects still persist in the FAC,

13   Plaintiffs presumably have stated their best case.  The FAC should be dismissed with prejudice.

14   **II.    STATEMENT OF FACTS**

15        The two plaintiffs assert WPA claims based on different facts.  Ritch vaguely claims he

16   "owns a 2015 vehicle manufactured by Honda" (FAC ¶ 90) that "is equipped with an infotainment

17   system that syncs to any smartphone either plugged into the system through a USB cable or

18   connected via Bluetooth."  FAC ¶ 91.  Ritch also claims he owns a smartphone that he connected

19   to his car at some point in time.  FAC ¶¶ 92, 95.  Dornay, unlike Ritch, does not own a Honda.[5]

20   Instead, Dornay bases his claims on the fact that he sent "at least one text message to Plaintiff

21   Ritch" in the last three years.  FAC ¶ 106.

22        The FAC, however, says nothing specific about the specific infotainment system in Ritch's

23   Honda vehicle.  Indeed, it is unclear whether Ritch owns a 2015 Honda or a 2021 Honda because

24   his pleadings have inconsistently pled both.  *Compare* Compl. ¶ 33; FAC ¶ 90.  Instead, Plaintiffs

25

26   ———————————
     [5] Dornay is a plaintiff in a parallel lawsuit pending in this Court against Volkswagen.  Dornay
27   claims in that suit that he owns both a smartphone and "a 2015 vehicle manufactured by VW" that
     has an infotainment system.  *Dornay et. al. v. Volkswagen Group Of America, Inc.*, 3:21-cv-05646-
28   DGE, Dkt. No. 25 at ¶¶ 91-93 (W.D. Wash.)

recite generic factual assertions about infotainment systems that their counsel has lifted from, or also reproduced in, four parallel cases against Volkswagen, Toyota, Ford, and General Motors. The Complaint, which relied heavily on allegations made "on information and belief," clearly signaled that Plaintiffs' allegations are not grounded in fact.  *See generally* Compl.  While the FAC deletes the phrase "on information and belief," from some paragraphs, it is plain that Plaintiffs' claims are still not grounded in facts they know to be true.  *See* FAC pre-introduction paragraph, ¶¶ 86-89, 101, 108, 117, 122, 125.

Plaintiffs allege that smartphones can connect to infotainment systems on cars and then "the system offers additional apps and functionality *native to the smartphone* but *controlled and accessed through the infotainment system controls* rather than through the smartphone."  FAC ¶ 13 (emphasis added).  Asserted examples of that functionality include music "stored on or streamed through the smartphone through the vehicle's speakers," use of "the smartphone's satellite navigation software through the infotainment system screen and vehicle speakers for turn-by-turn directions," and "mak[ing] and receiv[ing] telephone calls on a connected smartphone, using the vehicle microphone and speakers and thereby operating hands-free."  FAC ¶¶ 14-15.  Plaintiffs further allege the "infotainment systems in Honda vehicles also interface with the smartphone's text messaging system" (FAC ¶ 16) and "[i]nfotainment systems in Honda vehicles from at least 2014 onward … intercept, record, download, store, and are capable of transmitting, a copy of all text messages sent from or received by a smartphone while the smartphone is connected to the infotainment system" as well as those already stored on the smartphone.  FAC ¶¶ 18-19.  Ritch claims his vehicle downloaded "each text message stored on, sent by and received at [his] smartphone" when he connected it to the vehicle's infotainment system.  FAC ¶ 101.  They allege the same in relation to call logs.  FAC ¶¶ 22-23, 102.

Plaintiffs admit, however, any allegedly stored text message or call log stays with the car; not even the vehicle owner can access them.  FAC ¶¶ 20, 24.  Instead, a third-party company (Berla), which allegedly "manufactures equipment (hardware and software) capable of extracting stored text messages [and call logs] from infotainment systems in Honda vehicles" (FAC ¶¶ 26-27), must help.  Plaintiffs claim this alleged third party equipment capability is how "Honda

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 4
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

infotainment systems thereby transmit stored text messages and call logs **to Berla**.”  FAC ¶ 28 (emphasis added).  Plaintiffs assert the alleged functionality “are superfluous features used only to surveil by unauthorized third parties.”  FAC ¶ 29.  Ritch claims he “protects the data on his smartphone with password and biometric security measures,” but his Honda bypasses those measures.  FAC ¶¶ 78, 93.  And while Plaintiffs allege “[a]ccording to Berla, beginning no later than 2014, vehicle manufacturers including manufacturers of Honda vehicles, worked with Berla to ensure that vehicle infotainment systems would copy and store text messages and call logs without authorization,” they do not provide a citation for this purported fact or allege AHM ever itself received or intercepted any message.  FAC ¶ 38.  Plaintiffs then quote Berla’s CEO from an online source to confirm that messages that may be stored do *not* go to AHM at all: “We’ve been working directly with the [original equipment manufacturers] themselves to educate them… But we only do that when it’s part of an agreement that they ***will allow law enforcement in.***”  FAC ¶ 36 (citing https://www.cyberscoop.com/berla-car-hacking-dhs/ (last accessed November 9, 2021) (emphasis added)).  Yet neither this article nor this quote from Berla’s CEO are specific to AHM at all.  Indeed, Berla’s CEO did not name the automobile manufacturers Berla works with and instead said “Berla works directly with numerous unnamed automobile manufacturers.”  *See id.* (last accessed November 9, 2021)*.*

Plaintiffs do not base their allegations on any fact that shows *anyone*, much less Honda, actually accessed messages or other data that is allegedly stored in Ritch’s Honda vehicle.  Instead, Plaintiffs cite to online sources related to nonparty Berla.  Plaintiffs allege Berla has a vehicle lookup system, not available to the public, that notes which vehicles and what type of information on such vehicles Berla can access.  FAC ¶¶ 42-44.  As to Honda vehicles, Plaintiffs only allege “many” Honda vehicles, but not all, “made between 2013 and 2017 that feature hard drive navigation systems” became supported by Berla’s equipment in 2019.  FAC ¶ 45.  There are no allegations as to what data is stored in these select Honda vehicles or that Ritch’s vehicle is such a vehicle.  Nor is there an allegation that a “hard drive navigation system” is related to an infotainment system.  In addition to these haphazard and unrelated allegations that do not show Ritch’s vehicle’s infotainment system stores any data that can be accessed by Berla’s equipment,

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.’s Motion to Dismiss First
Amended Complaint - 5
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1   their allegations as to when Honda vehicles purportedly began storing data if a smartphone was

2   connected to an infotainment system are internally inconsistent.  FAC ¶ 18 ("from at least 2014"),

3   ¶ 43 ("no later than 2013"), ¶ 58 ("since at least December 2015"), ¶ 62 ("since at least February

4   2016"), ¶ 68 ("since at least 2017"), ¶ 75 ("since at least [] April 4, 2018"), ¶ 78 ("for at least the

5   three years prior to the filing of the initial complaint").

6           At bottom, the factual details about data storage and retrieval from Ritch's car do not focus

7   on any act by Honda.  Instead, nearly all the facts in the FAC focus on *Berla* and its software and

8   systems.  Plaintiffs allege Berla works with law enforcement on data retrieval; not with AHM.

9   FAC ¶¶ 84-85.  The FAC still does not supply a single fact to show that AHM in fact recorded,

10  intercepted, downloaded, transmitted, or otherwise accessed any allegedly "stored" message or

11  call log on anyone's vehicle or that AHM has the ability to do so.  Yet Plaintiffs still summarily

12  assert that "Honda intercepted and/or recorded the text messages through the infotainment

13  system." (FAC ¶¶ 104, 110) and that this alleged conduct caused them an undisclosed "injury."

14  FAC ¶¶ 117-18, 122-23.  On this basis, Plaintiffs assert three claims against AHM for (1) alleged

15  violations of the WPA, (2) declaratory relief, and (3) injunctive relief.  FAC ¶¶ 134-48.

16  **III.   LEGAL STANDARD**

17          A court must dismiss a complaint under Rule 12(b)(6) if the alleged facts do not entitle the

18  plaintiff to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007).  "[A] plaintiff's

19  obligation to provide the grounds of his entitlement to relief requires more than labels and

20  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at

21  555.  Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted

22  deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979,

23  988 (9th Cir. 2001).  Legal conclusions "must be supported by factual allegations."  *Ashcroft v.

24  Iqbal*, 556 U.S. 662, 679 (2009).  Nor are "'naked assertions' devoid of 'further factual

25  enhancement'" enough to survive dismissal.  *Id.* at 678.  Rather, a plaintiff is required to show,

26  through facts alleged, an entitlement to relief.  *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)).

27  //

28  //

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 6
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

IV.   **ARGUMENT**

A.   **The FAC Still Fails to Satisfy Basic Rule 8 Requirements and Still Seeks a Pass to Proceed on a Fishing Expedition Albeit with More Subtlety.**

Federal Rule of Civil Procedure 8 requires that Plaintiffs plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  But the FAC still does not even plead the most basic fact—what specific Honda vehicle plaintiff Ritch owns. Plaintiffs only allege that Ritch "owns a 2015 vehicle manufactured by Honda."  FAC ¶ 90.  This is even more of a problem now because Plaintiff Ritch still does not provide his VIN number or model and has now alleged his car is a different year (the original complaint inconsistently states Ritch owns a 2021 model year Honda).  *See id.*; Compl. ¶ 33.  AHM cannot "defend itself effectively" (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) without this most basic fact. Indeed, since it does not know what car Ritch purchased, AHM cannot know what infotainment system is in Ritch's car.

Plaintiffs' decision to omit the basic details about Ritch's Honda vehicle appears to be by design.  Indeed, similar ambiguities persist throughout the FAC as they did in the initial Complaint. For example, Plaintiffs do not identify which specific Honda and Acura vehicles are implicated by their claims and vaguely group all "Honda and Acura vehicles" into an omnibus "'Honda vehicles' or 'vehicles manufactured by Honda'" shorthand.  FAC ¶ 10.  This means AHM cannot know which vehicles and versions of its infotainment systems are at issue.  Plaintiffs themselves do not know *whether* the infotainment system in Ritch's car actually downloads or stores any communications.  They proceed with a "file first, worry later" strategy that pleads their key factual accusations against AHM "on information and belief," coupled with optimism that down-the-road discovery from AHM will help Plaintiffs plead facts that support their accusations.  FAC at 1; *see* Compl. ¶¶ 28-30.  While the FAC removes some of Plaintiffs' "on information and belief" qualifiers, they admit their key accusations against AHM and specific to Ritch's car are still hopeful accusations not grounded in fact.  *See* FAC ¶¶ 117, 122 ("On information and belief, Plaintiff Ritch's private and confidential text messages and call logs now reside on his Honda vehicle, can be accessed without his authorization by Berla systems, and cannot be deleted by

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 7
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1   Plaintiff Ritch.").  While Plaintiffs have also removed their prior references that discovery may

2   buttress their accusations (*see* Compl. ¶¶ 28-30), the introductory paragraphs for their claims still

3   show that Plaintiffs' accusations are not grounded in fact.  Thus, Plaintiffs still proceed on mere

4   optimism "that substantial evidentiary support will exist for the allegations set forth herein after a

5   reasonable opportunity for discovery."  FAC at 1.  This approach turns Rule 8 on its head.

6          "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to

7   relief, such that it is not unfair to require the opposing party to be subjected to the expense of

8   discovery and continued litigation."  *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751

9   F.3d 990, 996 (9th Cir. 2014) (quoting *Starr*, 652 F.3d at 1216).  "Our case law does not permit

10  plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must

11  assert well-pleaded factual allegations to advance to discovery."  *Whitaker v. Tesla Motors, Inc.*,

12  985 F.3d 1173, 1177 (9th Cir. 2021) (citation omitted).  Yet this is precisely what Plaintiffs do

13  here when they allege, for example, that Berla's equipment can access differing types of data from

14  different cars with no knowledge as to what data (if any) Berla can access from Honda cars.  Yet

15  Plaintiffs still allege "[o]n information and belief, Plaintiff Ritch's private and confidential text

16  messages and call logs now reside on his Honda vehicle, can be accessed without his authorization

17  by Berla systems, and cannot be deleted by Plaintiff Ritch."  FAC ¶¶ 42-45, 117.  Plaintiffs cannot

18  impose the burdens of a lawsuit on AHM when they are not even sure if the foundational

19  accusations in their FAC are true.  Their allegations do not satisfy *Ashcroft v. Iqbal*, 556 U.S. 662

20  (2009) and its progeny.  The FAC does not state the required Rule 8 facts; it previews a fishing

21  expedition for foundational facts Plaintiffs admit they lack.

22          **B.     Plaintiffs Have Not and Cannot Plead A Viable WPA Claim Against AHM.**

23          The WPA declares that it is unlawful to

24          intercept, or record any: [¶] (A) Private communication transmitted by
            telephone, telegraph, radio, or other device between two or more individuals
25          between points within or without the state by any device electronic or otherwise
            designed to record and/or transmit said communication regardless how such
26          device is powered or actuated, without first obtaining the consent of all the
            participants in the communication.
27

28  Wash. Rev. Code § 9.73.030.  The WPA "express[es] a legislative intent to safeguard the private

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 8
No. 3:21-cv-05706-DGE                                    LEWIS BRISBOIS BISGAARD & SMITH LLP
                                                         1111 Third Avenue, Suite 2700
                                                         Seattle, WA 98101

conversations of citizens from dissemination in any way." *State v. Smith*, 189 Wn.2d 655, 662-63 (2017) (citation omitted).  To state a valid claim under the WPA, a plaintiff must allege facts that establish "(1) a private communication transmitted by a device that was (2) intercepted or recorded by use of (3) a device designed to record and/or transmit (4) without the consent of all parties to the private communication."  *State v. Roden*, 179 Wn.2d 893, 899 (2014) (en banc) (citation omitted).  In addition, Plaintiffs must show the alleged WPA violation "injured his or her business, his or her person, or his or her reputation."  RCW 9.73.060.  AHM reasserts that Plaintiffs have failed to allege facts that satisfy several of these requirements.

**1.      *Plaintiffs Still Have Not Alleged Facts that Show AHM Itself Intercepted or Recorded Any Messages.***

The WPA focuses on whether a person or entity affirmatively intercepted or recorded an otherwise private communication.  It is not concerned with the mere *sale* of products to consumers that allegedly download or record messages.  If it were otherwise, the manufacturer or distributor of *any* product that can record a communication—such as a computer, a smartphone, an answering machine, a hard disk, etc.—would violate the WPA merely by selling a product with alleged recording capabilities.

Plaintiffs nowhere claim that AHM itself recorded or intercepted any message.  Rather, they fault AHM because it distributed vehicles with infotainment systems that, while owned by consumers, allegedly can "record, download, store, and are capable of transmitting a copy of…" text messages and call logs either already stored on a smartphone or that are sent or received while the phone is connected to the infotainment system.  FAC ¶¶ 18-25.  Even then, Plaintiffs make plain the stored messages and call logs *remain in the car* and *in the consumer's possession* unless and until "law enforcement" tries to access it through "hardware and software" supplied by a third party.  FAC ¶¶ 84-89.  In all instances, AHM's involvement ends once the car is sold to the consumer.  Plaintiffs have not pled a single fact which states AHM can or has ever accessed, downloaded, collected, received, recorded, or intercepted even a single message from any Honda vehicle.  By definition, AHM has not "intercepted" or "recorded" any communication.  Plaintiffs cannot sue AHM because it distributed cars with alleged message storage capabilities.

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 9
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

2.    ***The Infotainment Systems in Honda Vehicles Do Not "Intercept" Any Private Communications Received or Sent by Connected Smartphones.***

Even *assuming* the infotainment system in Ritch's car stored his text messages or call logs, this is not an "interception" within the meaning of RCW 9.73. Although the WPA does not define "intercept," the Washington Supreme Court has held it means to 'stop … *before arrival* … or interrupt the progress or course.'" *Roden*, 179 Wn.2d at 904 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1176 (2002) (emphasis added). The facts that led to this holding are instructive.

The police in *Roden* seized an iPhone when they arrested the iPhone's owner for possession of heroin. *Id.* at 897. "The police apparently did not place the phone in an evidence or inventory locker or otherwise secure it after [the individual's] arrest." *Id.* Thereafter, an officer reviewed messages on the iPhone and responded to one from Roden for drugs and set up a drug deal that eventually led to Roden's arrest. *Id.* The court found "[t]he messages that Roden sent … were opened, read, and responded to by an officer" rather than the message's intended recipient. *Id.* at 904. The court held the message was "intercepted" when an officer stopped it from reaching its intended recipient. *Id.*

The allegations here are nothing like those in *Roden*. Plaintiffs do not allege that AHM, the infotainment system in Ritch's car, or anyone else stopped any communication from reaching Plaintiffs. Indeed, Plaintiffs affirmatively allege that a message first reaches a smartphone and *then* the vehicles allegedly "automatically and without authorization, instantaneously intercept, record, download, store, and are capable of transmitting, *a copy* of all text messages sent from or received by a smartphone…" if the consumer's phone is connected to the vehicle. FAC ¶ 21. This claimed *copying* of a message, *after* it reaches its intended recipient, is not an interception. The conclusory allegation that Honda cars "instantaneously intercept" a message (FAC ¶¶ 19, 23) does not change the reality that Plaintiffs nowhere claim that a message does not reach the smartphone and its intended recipient—i.e., there is no claim that the message is stopped before arrival or that its progress or course to the recipient is interrupted. *See Roden*, 179 Wn.2d at 904. Plaintiffs have not pled that AHM or anyone or anything intercepted a message within the meaning of RCW 9.73.

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 10
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

### 3. *The Infotainment Systems in Honda Vehicles Do Not "Record" Any Private Communications Without Consent.*

"A communicating party will be deemed to have consented to having his or her communication recorded when the party knows that the messages will be recorded." *State v. Racus*, 7 Wn. App. 2d 287, 299 (2019) (citing *State v. Townsend*, 147 Wn.2d 666, 675 (2002)), *review denied*, 193 Wn.2d 1014 (2019). This is of critical importance here because a text message, by its very nature, is a recorded statement the sender knows will be recorded by the recipient's smartphone or other device. This was the holding in *Townsend*, wherein the Washington Supreme Court agreed that a person who sends an email message "implicitly consents to having the message recorded on the addressee's computer" just "[l]ike a person who leaves a message on a telephone answering machine … anticipates that it will be recorded." *Id.* at 676. This is so because "as a user of e-mail [defendant] had to understand that computers are […] a message recording device, and that his e-mail messages would be recorded on the computer of the person to whom the message was sent." *Townsend*, 147 Wn.2d at 676.

Since *Townsend*, Washington courts have held that implied consent equally applies to individuals who send text messages. Thus, for example, the court in *Racus* found the defendant consented to having his text message recorded when he utilized text message technology akin to the email technology at issue in *Townsend*. *Racus*, 7 Wn. App. 2d at 299-300 ("Similar to the defendant in *Townsend*, here, Racus had to understand that computers are message recording devices and that his text messages with 'Kristl' would be preserved and recorded on a computer."). And in *State v. Canter*, No. 804409-0-1, 2021 Wash. App. LEXIS 1330, at *29 (Wash. Ct. App. June 1, 2021) (unpub.), the Court recognized that "[b]y using messaging devices that necessarily record data, [the defendant] implicitly consented to the recording of his" communications. *Id.*

That reasoning applies equally to Plaintiffs' claims here. Dornay, as a sender of a text message (FAC ¶ 106), had to know Ritch would receive and download his text message onto a device(s) to view the message and respond to it. This is exactly what the courts in *Racus* and *Townsend* concluded. *Racus*, 7 Wn. App. 2d at 299-300; *Townsend*, 147 Wn.2d at 676. At that point, it is irrelevant whether Dornay knew the message would be recorded by Ritch's smartphone

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 11
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

or some other device.  FAC ¶¶ 106-08.  As *Townsend* notes, "it makes no difference that the recording was accomplished on a device that was used in the communication.  The plain fact is that the communications from Townsend to Amber were recorded on Detective Keller's computer."  *Townsend*, 147 Wn.2d at 674.  What matters here is Dornay impliedly consented to having his message recorded.  This consent applies to his message generally; there is nothing in Washington law that states this consent is device specific.  Indeed, it is assumed that a message recorded by one device may then be *copied. Id.* at 676.  Thus, it is irrelevant the infotainment system in Ritch's car allegedly retains mirror copies of messages that are first received and recorded by Ritch's smartphone.  FAC ¶¶ 18-19, 101-02.

Similarly, Ritch knew that any text or call he sent or received through his smartphone would be recorded by both his smartphone device and the recipient's device.  Ritch claims the infotainment system in his car simply downloads a *copy* of a previously-recorded message or call log from his smartphone if Ritch elects to connect the phone to his car.  FAC ¶¶ 95-98, 101-02.  Indeed, while Ritch complains about "recorded" private conversations, he repeatedly states the infotainment system in his car simply "downloaded and recorded" the data that is previously or concurrently recorded by his smartphone.  FAC ¶¶ 101-02; *see* FAC ¶¶ 18-25, 84, 88, 99.

In short, Plaintiffs' claim that infotainment systems "record" text messages and call logs is more accurately characterized as the "downloading" and "storing" of *previously recorded* messages and call logs from another device—recordings that both the sender and recipient of text messages or calls impliedly consented to.  Plaintiffs have not pled the infotainment system in Ritch's car, much less AHM, "recorded" a private communication in violation of the WPA.

### 4. *The Infotainment Systems in Honda Vehicles Do Not "Transmit" Any Private Communications.*

Plaintiffs' FAC now alleges Honda vehicle infotainment systems are devices that not only record but also transmit.  FAC ¶¶ 18-19, 21-22.  This relates to the third element of their WPA claim which requires a device designed to record and/or transmit be used.  *See Roden*, 179 Wn.2d at 899.  The WPA does not define the term "transmit."  *See State v. Faford*, 128 Wn.2d 476, 482 (1996).  The Washington Supreme Court has defined the term as "to disseminate or communicate."

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 12
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

*State v. Christensen*, 153 Wn.2d 186, 197 (2004). *Christensen* involved a mother listening to her daughter's conversation with her boyfriend by "using the speakerphone function of the family's cordless telephone system," while her daughter used the handset. *Id.* at 190. The court found "the base unit received inaudible sound waves, and transmission occurred when those sound waves and their emissions were converted into audible sound. The base unit further transmitted inaudible radio signals to the cordless handset." *Id.* at 197. No such facts are alleged here.

Plaintiffs explain their theory of transmission is based on the claim that Berla's equipment is "*capable* of extracting stored text messages … [and] call logs from infotainment systems in Honda vehicles," and this is how they "thereby transmit stored text messages and call logs to Berla." FAC ¶¶ 26-28 (emphasis added). Yet these allegations amount to mere data storage. There are no allegations the infotainment systems on their own disseminate or communicate anything. For example, there are no facts to suggest the infotainment systems send radio waves to Berla or anyone else the way the base unit of the cordless phone sent and received radio waves to the handset in *Christensen*. Indeed, Plaintiffs affirmatively allege Berla's equipment must be used to *extract* the allegedly stored data from Honda vehicles. FAC ¶¶ 26-27, 31, 34-35, 117-18, 122. Thus, Plaintiffs conclusory label of transmission here is factually unsupported and contrary to the meaning of the term as defined by the Washington Supreme Court. Indeed, the "transmission" claim is, at most, a claim of divulgement, which the WPA does not regulate. *See Kearney v. Kearney*, 95 Wn. App. 405, 412 (1999) ("It is clear that RCW 9.73.030 prohibits only recording or intercepting private phone conversations without the consent of the other party; it does not prohibit disseminating such conversations to others.").

### C.   Plaintiffs Fail to Allege Any Resulting Injury as Required under the WPA.

Plaintiffs' FAC still does not allege the requisite injury to state a WPA claim either. Only a "person claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation" may bring a claim. Wash. Rev. Code § 9.73.060. At most, Plaintiffs claim Ritch's car *stored* text messages and call logs. FAC ¶¶ 20, 24. Plaintiffs now assert they have been injured in their person because copies of text messages and call logs are allegedly accessible through Ritch's Honda if a third-party's equipment is used. FAC ¶¶ 117-18, 122-23.

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 13
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1  Plaintiffs each claim they have been "depriv[ed] [] of the right and ability to engage in private text

2  communications without Honda intercepting and recording a copy for access by third parties…"

3  FAC ¶¶ 118, 123.  But this *assumes* an interception, which Plaintiffs have not plausibly pled.  And

4  in any event, nothing about this conclusory claim evidences an actual injury to person, business,

5  or reputation.  There is still no claim that *anyone* has ever actually accessed or seen any text

6  messages from Ritch's car.  *See* FAC ¶¶ 117-18, 122-23.  In fact, they allege it takes special

7  technology not "generally available to the public" to even attempt to access the allegedly stored

8  text messages and call logs.  FAC ¶¶ 26-27, 31.  Based on these allegations, Plaintiffs are more at

9  risk of someone seeing their text messages or call logs through their smartphones than through

10  Ritch's Honda.  This is true even if their phones have passwords.  *See* FAC ¶ 93.  For example,

11  someone could look over their shoulder while they access their own text messages on their phones.

12  But no one except restricted groups like law enforcement may access the allegedly stored messages

13  and even then, only with the use of special equipment and technology from Berla.  FAC ¶¶ 26-27,

14  31.  Because no one has viewed any of their text messages or call logs allegedly stored on the

15  vehicle's computer memory, they do not allege their business, person, or reputation has been

16  harmed as a result as required by the statute.  Plaintiffs have not alleged an injury under the WPA.

17  **D.    Plaintiffs' Failure to Allege a Viable WPA Claim Again Dooms their Claims for Injunctive and Declaratory Relief.**

18  Plaintiffs' claims for Declaratory and Injunctive Relief incorporate their prior allegations.

19  FAC ¶¶ 144-48.  Plaintiffs seek "a declaration that Honda's conduct violates the Washington

20  Privacy Act." FAC ¶ 146.  But as detailed herein, Plaintiffs have not alleged facts that show AHM

21  violated the WPA.[6]  They are not entitled to any declaratory relief.  *Frach v. Schoettler*, 46 Wn.2d

22  281, 291 (1955) ("A reading of the entire declaratory judgment act convinces us that a proceeding

23  commenced under the provisions of the act is subject to the same rules of pleading as any other

24

---

25  [6] In the related case against Toyota, Toyota raised a constitutional challenge to the WPA under the commerce clause in its Motion to Dismiss the initial complaint.  *Goussev et al. v. Toyota*

26  *Motor Sales USA Inc.*, Case No. 3:21-cv-05708-DGE, Dkt. No. 17 at pp. 13-15, *see* Dkt. No. 20 (W.D. Wash.).  AHM did not raise this argument in its initial Motion to Dismiss and to avoid

27  duplication of Toyota's argument, will not raise it here since a ruling in Toyota's favor on this issue would apply with equal weight to the duplicative accusations Plaintiffs make here.

28

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 14
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1  civil action.").

2        Plaintiffs' request for an injunction that prevents AHM from recording or intercepting text

3  messages and call logs also fails.  FAC ¶ 148.  Since Plaintiffs have not pled that AHM itself

4  records or intercepts any text messages or call logs, there is no conduct to enjoin.  Nor is there any

5  basis for an order compelling AHM "to cause its infotainment systems to delete all stored text

6  messages and call logs."  FAC ¶ 148.  AHM relinquishes control over a car and its infotainment

7  system once the car is distributed and sold to a consumer.  The FAC does not plead any fact to

8  suggest otherwise.  AHM disputes that infotainment systems in Honda cars record or intercept

9  messages or logs. But even *assuming* this were not the case, an order compelling Honda to "delete

10  all stored text messages and call logs" in cars it does not own or control would be a futile act.

11  **V.   CONCLUSION**

12        Based on the forgoing, AHM respectfully requests the Court dismiss this action for failure

13  to state a claim upon which relief can be granted.  Because Plaintiffs have amended their pleading

14  after AHM initially raised many of these same arguments, they have shown they have pled their

15  best case and further amendment would be futile.  Accordingly, AHM requests the dismissal be

16  with prejudice.

17  ////

18

19  ////

20

21  ////

22

23  ////

24

25  ////

26

27  ////

28

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 15
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101

1   DATED this 18th day of November, 2021      LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3                                                    */s/ Rachel Tallon Reynolds*
                                                   Sean B. Hoar, WSBA #48897
4                                                  Sean.Hoar@lewisbrisbois.com
5                                                  Rachel Tallon Reynolds, WSBA #38750
                                                   Rachel.Reynolds@lewisbrisbois.com
6                                                  1111 Third Avenue, Suite 2700
                                                   Seattle, WA 98101
7                                                  Phone 206.436.2020
8                                                  Fax 206.436.2030

9                                                  Eric Y. Kizirian, *pro hac vice*
                                                   Eric.Kizirian@lewisbrisbois.com
10                                                 633 West 5th Street, Suite 4000
                                                   Los Angeles, CA 90071
11                                                 Phone 213.250.1800
                                                   Fax 213.250.7900
12

13                                                 Attorneys for American Honda Motor Co., Inc., a
                                                   Delaware Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I declare under penalty of perjury under the laws of the State of Washington that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joe B. Ard, WSBA #40104
ARD LAW GROUP PLLC
PO Box 11633
Bainbridge Island, WA 98110
Phone: 206-701-9243
Email: Joel@Ard.law

*Attorney for Plaintiffs*

William R. Restis
THE RESTIS LAW FIRM, P.C.
402 W. Broadway, Suite 1520
San Diego, CA 92101
Phone: (619) 270-8383
Email: william@restislaw.com

*Attorney for Plaintiffs*

Signed at Seattle, Washington this 18th day of November, 2021.

*/s/ Elizabeth Pina*
Elizabeth Pina, Legal Assistant
Email: Elizabeth.pina@lewisbrisbois.com

4880-5582-7715.1
Defendant American Honda Motor Co., Inc.'s Motion to Dismiss First
Amended Complaint - 17
No. 3:21-cv-05706-DGE

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101