|   |   |
|---|---|
| STACY RITCH and GELLERT DORNAY, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., a Delaware corporation,<br><br>   Defendant. | CASE NO. 3:21-cv-05706-DGE<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

## I.   INTRODUCTION

In their First Amended Complaint ("FAC"), Plaintiffs allege Defendant American Honda Motor Co., Inc. ("Honda") manufactures and sells vehicles with infotainment systems designed to allow drivers (or other passengers in a vehicle) to use their personal cellphones hands free while a vehicle is being operated.  As part of their design, however, the infotainment systems also independently download, copy, and store indefinitely the call logs and text messages of any

ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT - 1

cellphone connected to the systems without the knowledge or consent of the cellphone owner. This stored information is extractable by third parties.

Plaintiffs assert the infotainment systems unlawfully intercept and record call logs and text messages by downloading, copying, and indefinitely storing them.  There is no assertion that the infotainment systems are acting in any capacity on behalf of Honda after a vehicle is purchased by an end user, such as Plaintiff Stacy Ritch.  This is because there is no assertion Honda—other than having designed or installed the infotainment system—reviews, utilizes, benefits from, or even has the ability to retrieve the cellphone data collected and stored by an infotainment system.

The Washington State Privacy Act prohibits "any individual, partnership, corporation, association, or the State of Washington, its agencies and political subdivisions" from intercepting or recording any private communication transmitted by telephone.  It also requires an injury to one's business, person, or reputation.  Because an infotainment system installed in a vehicle sold by Honda is not an individual, partnership, corporation, association, or the State of Washington, its agencies and political subdivisions, and is not alleged to be acting in any agency capacity on behalf of Honda when the infotainment system downloads, copies and stores indefinitely call logs and text messages, and because Plaintiffs have not alleged sufficient injury, Plaintiffs fail to state a claim upon which relief can be granted.

As there is no justiciable controversy absent the Washington Privacy Act claim, Plaintiffs' requests for declaratory and injunctive relief are not actionable.

Accordingly, Honda's Motion to Dismiss is GRANTED.

## II. BACKGROUND

Plaintiffs Stacy Ritch ("Ritch") and Gellert Dornay ("Dornay," and collectively "Plaintiffs") bring this proposed class action alleging Honda made unlawful recordings of text messages and call logs[1] stored on Plaintiffs' cellphones in violation of the Washington Privacy Act, Wash. Rev. Code § 9.73.060 ("WPA"). Plaintiffs also seek declaratory and injunctive relief that Defendant has violated the WPA (Dkt. No. 20 at 21), and seek to bring a class action of similarly situated individuals in Washington. (*Id*. at 18-20.)

Plaintiffs filed their Complaint in Thurston County Superior Court before Defendant removed the action to federal court. (Dkt. No. 1.) After Honda filed its initial Motion to Dismiss (Dkt. No. 18), Plaintiffs filed the FAC. (Dkt. No. 20.) Honda now brings the present Motion to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.)

### A. Honda Vehicles Are Manufactured and Sold with Infotainment Systems

As alleged in the FAC, modern Honda vehicles contain "infotainment systems" that allow one to connect a smartphone to the vehicle and use apps and other smartphone functionality through the controls in the vehicle. (Dkt. No. 20 at 3.) Common uses of the infotainment system include playing music stored on a smartphone through the speakers of the vehicle or talking on the phone using vehicle microphones and speakers. (*Id*.)

Plaintiffs allege that from at least 2014, infotainment systems in Honda vehicles automatically record, download, store, and are capable of transmitting a copy of all text messages and call logs existing on a smartphone when it is connected to the vehicle. (*Id*. at 3-4.)

---

[1] As described by Plaintiffs, "call logs" are records generated by a cellphone of every call made or received by the cellphone. (Dkt. No. 26 at 5.)

The infotainment systems also automatically record, download, store, and are capable of creating a copy of all text messages and call logs made while connected to a smartphone. (*Id*. at 4.) This includes all call logs and text messages, including both those sent and received by a connected smartphone. (*Id*.)

According to Plaintiffs, once the information is copied and downloaded to the vehicle, it is stored in the vehicle's onboard memory and the owner of the vehicle is unable to access or delete it. (*Id*.) Although Plaintiffs do not allege that the data was transmitted to or accessed by anyone outside of the vehicle, equipment exists that would allow third parties to connect and access the stored information from the infotainment systems. (*Id*. at 4-5.)

**B. Plaintiffs' Alleged Injuries**

Ritch owns a Honda vehicle manufactured in 2015 and has connected his smartphone to its infotainment system on multiple occasions. (*Id*. at 15.) Dornay has sent Ritch at least one text where Ritch subsequently connected his smartphone to his Honda's infotainment system. (*Id*. at 16.) Both Plaintiffs allege that their information was downloaded and stored onto Ritch's Honda vehicle, in violation of the WPA. (*Id*. at 18.)

1. Plaintiff Ritch's Alleged Injuries

Plaintiff Ritch alleges he was injured in his person: (1) because "Plaintiff Ritch's private and confidential text messages and call logs now reside on his Honda vehicle, can be accessed without his authorization by Berla systems, and cannot be deleted by Plaintiff Ritch. Each of Plaintiff Ritch's private and confidential text messages and call logs is accessible at any time by law enforcement, by Berla, and by similar private actors without his authorization"; and (2) because Ritch has been deprived "of the right and ability to engage in private phone calls and text communications without Honda intercepting and recording a call log or text message copy

1  for access by third parties such as Berla and law enforcement, without his authorization." (*Id*. at

2  17.)

3           2. <u>Plaintiff Dornay's Alleged Injuries</u>

4      Plaintiff Dornay alleges he was injured in his person: (1) because "Plaintiff Dornay's

private and confidential text messages now reside on Plaintiff Ritch's Honda vehicle, and can be

accessed without his authorization by Berla systems, and cannot be deleted by either Plaintiff

Ritch or Dornay. Each of Plaintiff Dornay'[s] private and confidential text messages to Plaintiff

Ritch is accessible at any time by law enforcement, by Berla, and by similar private actors

without his authorization"; and (2) because Dornay has been deprived "of the right and ability to

engage in private text communications without Honda intercepting and recording a copy for

access by third parties such as Berla and law enforcement without authorization." (*Id*. at 18.)

**III.  DISCUSSION**

**A.  Standard of Review**

    Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the

lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material

allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston

v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B.  The FAC Does Not Support a WPA Claim

#### 1.  <u>Infotainment Systems Are Not Alleged to be Acting in Any Agency Capacity</u>

The WPA makes it unlawful "for any individual, partnership, corporation, association" to intercept or record any private communications or conversations.  Wash. Rev. Code § 9.73.030.  Moreover, § 9.73.060 provides that "[a]ny person who, directly or by means of a detective agency or any other agent," violates the provisions of this chapter shall be subject to legal action for damages.  Reading these two provisions together, the Supreme Court of Washington has held that liability under the WPA "encompass persons acting as 'agents' on behalf of someone in Washington." *State v. Fowler*, 139 P.3d 342, 347 (Wash. 2006).  The law makes clear that "[l]iability rests with the party recording or intercepting the conversation." *Kearney v. Kearney*, 974 P.2d 872, 876 (Wash. Ct. App. 1999).

Although Washington Courts have had little opportunity to determine who may be liable under the WPA, the Washington Court of Appeals addressed alleged WPA violations when computer software recorded communications between law enforcement and a suspect. *State v. Bilgi*, 496 P.3d 1230, 1233 (Wash. Ct. App. 2021), *review denied*, 504 P.3d 827 (Wash. 2022).

In *Bilgi*, law enforcement, posing as a minor, communicated with the appellant using a software program called Callyo. *Id*. at 1233.  Callyo automatically recorded all communications with the appellant, which law enforcement later retrieved, sorted, and analyzed. *Id*.  Among the various arguments appellant advanced to suppress the recorded communications, appellant argued Callyo itself unlawfully intercepted the communications. *Id*. at 1237.  This argument was rejected.

>[T]his argument fails on the merits because Callyo is incapable of intercepting a communication in violation of the privacy act. [Revised Code of Washington §] 9.73.030(1) states, '[I]t shall be unlawful for any *individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions* to intercept, or record' private communications. (Emphasis added.) Callyo is a computer software, not an actor with agency.

*Id.*

Similarly, although Plaintiffs broadly allege Honda intercepts or records Plaintiffs' messages, Plaintiffs specifically note such interception and recording is done "*by his* Honda *vehicle's infotainment system*" and that "*Ritch's* Honda *vehicle infotainment system* wrongfully retains the recorded copy." (Dkt. No. 20 at 17) (emphasis added).  In other words, the infotainment system, not Honda is intercepting and recording the communications.  There are no allegations that Honda, a car manufacturing company, in any way controls the infotainment system in Ritch's vehicle, that the infotainment system is acting on behalf of Honda, that Honda utilizes or even has access to the information stored in the infotainment system, or that Honda forces an owner to use the infotainment system to operate the vehicle.  Indeed, Plaintiffs make no allegations of any conduct by Honda itself after a vehicle is purchased by an owner.  Because it is only the infotainment system without agency that intercepts, records, and stores the communications, the FAC fails to assert sufficient facts to establish Honda is engaging or has engaged in a WPA violation. *See Bilgi*, 496 P.3d at 1237.

Plaintiffs also allege that Honda designs, manufactures, and sells vehicles containing an infotainment system.  (Dkt. No. 26 at 5.)  However, the WPA does not hold liable manufacturers, designers, or sellers of devices that intercept communications.  Instead, "[l]iability rests with the party recording or intercepting the conversation." *Kearney*, 974 P.2d at 876.  Once more, Plaintiffs do not allege the infotainment systems are acting with agency when they download or

record a copy of the texts and call logs.  Absent facts supporting agency, the FAC does not establish a WPA violation.

### 2. The FAC Does Not Allege an Injury Under the WPA

The WPA allows damages for persons injured by a violation of the WPA:

> Any person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation. A person *so injured* shall be entitled to actual damages[.]

Wash. Rev. Code § 9.73.060 (emphasis added).  "That a plaintiff bringing a claim under [Washington Revised Code §] 9.73.060 requires an injury *in addition to* a violation of the Act is reinforced by the fact that [Washington Revised Code §] 9.73.060 conditions the entitlement to damages, actual or liquidated, on the plaintiff being a 'person so injured.'" *Streamline Bus. Grp., LLC v. Vidible, Inc.*, 2016 WL 3523033, at *8 (E.D. Pa. June 27, 2016) (emphasis in original); *see Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1044-45 (S.D. Cal. 2018); *see also Russo v. Microsoft Corp.*, 2021 WL 2688850, at *3 n.3 (N.D. Cal. June 30, 2021).  Accordingly, a violation of the WPA without injury is insufficient to maintain a civil action.

Plaintiffs argue that they have adequately alleged an injury to their person under the WPA because data maintained by an infotainment system might be accessed at some point in the future by third parties.  (Dkt. No. 26 at 9-11.)  This, however, is not an injury that has occurred, only a potential injury that may or may not occur at some unknown point in the future.  The Court is unaware of any authority allowing damages for potential injury under the WPA. Potential injury, therefore, is not actual injury and is insufficient to meet the injury requirement of the WPA.

Plaintiffs also allege they have been deprived of "the right and ability to engage in private phone calls and text communications without Honda intercepting and recording a call log or text message copy for access by third parties such as Berla and law enforcement, without [their] authorization." (Dkt. No. 20 at 17-18.) However, these again are forward looking statements that rely on future acts that may or may not occur, not an injury that has occurred—and, as already identified, it is the infotainment system without agency, not Honda, intercepting and recording the communications. *Supra* III.B.1.

In addition, although at this stage the Court accepts the allegations in the FAC as true, the Court need not accept the conclusion that Plaintiffs have lost the right to engage in private communications based on the allegations in the FAC. *See, e.g.*, Wright & Miller, *Federal Practice and Procedure* § 1357 (3d ed.) ("[T]he court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened"). Taking Plaintiffs' allegations as true, they have not lost the right to private communications. It is not alleged that any third party has retrieved or reviewed their private conversations. Moreover, it is only when Plaintiffs themselves connect their smart phones to the infotainment system that the infotainment system, acting without agency, intercepts and records their call logs and text messages. If their phone is not connected to the infotainment system, they are not deprived of "the right and ability to engage in private phone calls and text communications." (Dkt. No. 20 at 17-18.)

Alternatively, Plaintiffs argue that Honda's acts are violations of the personal torts of invasion of privacy and copyright infringement and therefore meet the injury requirement of the WPA. (Dkt. No. 26 at 10-11.) However, these are different causes of action that were not pleaded in the FAC and will not be considered. Even if the Court were to consider the argument,

Plaintiffs have not cited to any cases interpreting the WPA's injury provision in such a way. (*Id.*)

Accepting Plaintiffs' allegations as true, Plaintiffs only allege that their texts and call logs have been recorded and stored on Ritch's own vehicle. They do not allege that Honda, or any third party, have actually seen the data or have attempted to access such data. In this respect, Plaintiffs are in no different position than an individual driving a vehicle without an infotainment system. Plaintiffs' concerns that their data could be accessed in the future by a third party may or may not be justified. Simply put, however, the unknown future is insufficient to adequately plead injury under the WPA. As such, Plaintiffs have failed to meet the injury requirement under the WPA.

Accordingly, Plaintiffs' WPA claim is DISMISSED.[2]

### C. Plaintiffs Cannot Seek Declaratory Relief

Plaintiffs seek declaratory relief finding that Honda violated the WPA under the Uniform Declaratory Judgments Act, Chapter 7.24 of the Washington Revised Code. (Dkt. No. 20 at 21.)

"When presented with a claim for declaratory judgment, . . . federal courts must take care to ensure the presence of an actual case or controversy[.]" *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). This is because the "Declaratory Judgment Act creates only a remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) (citations omitted). Without an underlying cause of action, "there is no claim for declaratory relief." *Id.* at 1140.

Similarly, to seek declaratory relief under Chapter 7.24,

---

[2] The Court recognizes that Defendant's Motion to Dismiss contained additional arguments. However for the purposes of this Order the Court finds it need not address those arguments at this time.

> a plaintiff must show that there is a justiciable controversy with the defendant. Under Washington law, a justiciable controversy has been defined as '(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.'

*Monroy v. Real Time Resols., Inc.*, 2022 WL 874773, at *3 (W.D. Wash. Mar. 24, 2022) (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 514 P.2d 137, 139 (Wash. 1973)). "Inherent in these four requirements are the traditional limiting doctrines of standing, mootness, and ripeness, as well as the federal case-or-controversy requirement." *To-Ro Trade Shows v. Collins*, 27 P.3d 1149, 1153 (Wash. 2001). It must be ensured that the "court will be rendering final judgment on an actual dispute between opposing parties with a genuine stake in the resolution." *Id*.

Having dismissed the WPA claim, there is no underlying cause of action to support a claim under the Declaratory Judgment Act. Also, absent the WPA claim there is no actual dispute between opposing parties before the Court. As such, there is no basis for declaratory relief under either the Declaratory Judgment Act or Chapter 7.24 of the Washington Revised Code.

Accordingly, Plaintiffs' claim for Declaratory Relief is DIMISSED.

**D. Plaintiffs Cannot Seek Injunctive Relief**

Plaintiffs seek an injunction preventing Honda from committing future violations of the WPA. (Dkt. No. 20 at 21.) As with declaratory relief, injunctive relief is a remedy, not an independent cause of action. *Kwai Ling Chan v. Chase Home Loans Inc.*, 2012 WL 1252649, at *3 (W.D. Wash. Apr. 13, 2012). Therefore, dismissal of Plaintiffs' WPA claim requires dismissal of the request for injunctive relief. Plaintiffs' claim for injunctive relief is DISMISSED.

### E. Leave to Amend

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. In making its determination, a court should consider five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citations omitted); *see also Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint").

Here, Plaintiffs have already amended their complaint once. The Court also acknowledges that it may prove difficult, if not impossible, for Plaintiffs to allege facts sufficient to assert a WPA violation absent facts that the infotainment systems are acting with agency on behalf of Honda and that Plaintiffs have suffered an injury. Notwithstanding, the Court at this juncture cannot determine whether any potential amendment may be futile without first reviewing the proposed amendment. Thus, Plaintiffs will be provided an opportunity to file a new amended complaint to comply with the general rule that courts should normally grant an opportunity for leave to amend prior to dismissal with prejudice.

### IV. CONCLUSION

Having considered Defendant's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Motion to Dismiss is GRANTED (Dkt. No. 21).

1. Plaintiffs' First Amended Complaint (Dkt. No. 20) is DISMISSED WITHOUT PREJUDICE.

2. Plaintiffs shall have 14 days from the date of this order to file a second amended complaint.  If a second amended complaint is not filed by this deadline, the Court will enter an order dismissing the First Amended Complaint with prejudice.

Dated this 5th day of May 2022.

David G. Estudillo
United States District Judge