**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACY RITCH; GELLERT DORNAY, | No.   22-35448 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-05706-DGE |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Before: HAWKINS, R. NELSON, and COLLINS, Circuit Judges.

Stacy Ritch and Gellert Dornay ("Plaintiffs") appeal the dismissal of their putative class action alleging that American Honda Motor Co., Inc. made unlawful recordings of their private communications in violation of the Washington Privacy

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Act ("WPA"). This case is one of five related diversity class actions,[1] in which a group of Washington residents allege that automobile manufacturers recorded and intercepted their private text messages and call logs from their cellphones when they connected the phones to their respective vehicle's on-board infotainment system. The cases are related because, although the class actions were brought against separate automobile manufacturers, the factual background and legal issues are virtually identical. In *Jones v. Ford Motor Co.*, __ F.4th __, No. 22-35447, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) (per curiam), we affirmed the district court's dismissal under Rule 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and for the same reasons set out in *Jones*, we affirm.

We conclude, as in *Jones*, that the district court properly retained jurisdiction to hear this case. *See Jones*, 2023 WL 7097365, at *2–3. Plaintiffs' operative complaint alleged that their vehicles' infotainment systems download and permanently store all text messages and call logs from Plaintiffs' cellphones without their consent. At the pleading stage, this alleged violation of a substantive privacy right is sufficient to confer standing. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020).

---

[1] The four related cases are *Jones v. Ford Motor Co.*, __ F.4th __, No. 22-35447, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) (per curiam); *Dornay v. Volkswagen Grp. of Am., Inc.*, No. 22-35451; *Goussev v. Toyota Motor Sales, U.S.A., Inc.*, No. 22-35454; and *McKee v. Gen. Motors Co.*, No. 22-35456.

We also conclude, as in *Jones*, that the district court properly dismissed the merits of Plaintiffs' claim under the WPA. *See Jones*, 2023 WL 7097365, at *3. The district court properly dismissed Plaintiffs' claim for failure to satisfy the WPA's statutory injury requirement. *See* WASH. REV. CODE § 9.73.060. To succeed at the pleading stage of a WPA claim, a plaintiff must allege an injury to "his or her business, his or her person, or his or her reputation." *Id.* Contrary to Plaintiffs' argument, a bare violation of the WPA is insufficient to satisfy the statutory injury requirement.[2] *See Jones*, 2023 WL 7097365, at *3.

**AFFIRMED.**

---

[2] Because our injury determination dispositively resolves this case, we need not address the district court's alternative holding that the WPA does not extend liability to manufacturing.

3